Pierre Jean Jacques Renelique, as Assignee of Linda Thomas, Appellant, 
against
American Transit Ins. Co., Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Ulysses Bernard Leverett, J.), entered July 22, 2014. The order granted defendant's motion for leave to reargue its prior motion for summary judgment dismissing the complaint, which had been denied in an order of the same court entered May 23, 2014, and, upon reargument, in effect, vacated the order dated May 23, 2014, and thereupon granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order entered July 22, 2014 is reversed, with $30 costs, defendant's motion for leave to reargue is denied, and the order entered May 23, 2014 denying defendant's motion for summary judgment dismissing the complaint is reinstated.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that defendant had paid plaintiff for the services at issue in accordance with the workers' compensation fee schedule. Defendant alleged that it had reduced the payment for CPT Code 20553 in accordance with the fee schedule, attaching the page of the fee schedule setting forth the appropriate relative value. However, it did not provide the conversion factor or provide an explanation for the reduction. By order entered May 23, 2014, the Civil Court denied defendant's motion. Defendant subsequently moved for leave to reargue its prior motion and, upon reargument, for summary judgment dismissing the complaint. By order entered July 22, 2014, the Civil Court granted reargument and, upon reargument, in effect, vacated the May 23, 2014 order and granted defendant's motion for summary judgment dismissing the complaint.
A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]). Here, defendant did not allege that the Civil Court had overlooked or misapprehended any matters of fact or law in denying its motion for summary judgment. Rather, defendant's attorney alleged, for the first [*2]time, that the fee schedule reduction had been based upon a calculation, and attached, for the first time, the page of the fee schedule setting forth the appropriate conversion factor. As this is not a proper basis for seeking leave to reargue, and defendant did not seek leave to renew its prior motion or provide an explanation for its failure to present the relevant facts on its prior motion (see CPLR 2221 [e] [3]), defendant's motion for leave to reargue should have been denied.
Accordingly, the order entered July 22, 2014 is reversed, defendant's motion for leave to reargue is denied, and the order entered May 23, 2014 denying defendant's motion for summary judgment dismissing the complaint is reinstated.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 27, 2017